GEORGE F. FUTLON, RELATOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, FRANK HAGUE, MICHAEL I. FAGAN, WILLIAM B. QUINN, ARTHUR POTTERTON AND JOHN J. BEGGANS, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, AND EDWARD SPOERER, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, RESPONDENTS.

Submitted November 3, 1927—Decided May 15, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *L. Edward Herrman.*

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

On May 16th, 1927, the relator (as stated in his brief) applied to the building inspector of the city of Jersey City for a permit for the erection of a two-story fireproof building, the first story to be used for five individual garages and the second story to be used as a paint and repair shop for automobiles, on property owned by him known as lot number 18 in city block 551, extending from Palisade avenue through to Hoboken avenue in Jersey City; and the testimony shows that the second story was to house a steam-heating plant designed for the heating of other buildings.

The *locus in quo* is zoned by ordinance of Jersey City for residential purposes, and the application being for non-residential purposes, the matter was referred to the board of commissioners, and that board, after a hearing, denied the permit on the ground that a fire hazard would be created thereby and that the building would be detrimental to the health, welfare and public safety. Thereafter the relator obtained this rule to show cause why the board of commissioners and the superintendent of buildings should not be commanded to grant such permit.

We think that the writ must be denied.

The factual situation of the present case we think brings it within our decision in *Koplin* v. *Village of South Orange,* 6 *N. J. Mis. R.* 489. The result is that the rule to show cause in the present case will be discharged, and the writ denied accordingly.

Having reached the conclusion stated, we deem it important to all parties in interest to announce it promptly, and

we do so in this somewhat informal manner in order to enable the relator to avail himself of the earliest possible opportunity for review, if a review is desired. And if a review is desired the relator is hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.